IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                              )        CRIM. ACT. NO. 2:22-cr-65-RAH
v.                            )                [WO]
                              )
KARNIVAL MCGHEE          )

**MEMORANDUM OPINION and ORDER**

Defendant Karnival McGhee ("McGhee") was charged on March 8, 2022, in an indictment with one count of sex trafficking a minor in violation of 18 U.S.C. 1591(a)(1), (b)(2), and (c); one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e) and 18 U.S.C. § 2; and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  (Doc. 1.)

On September 7, 2022, McGhee filed his Motion to Suppress (Doc. 26), in which he sought to suppress all evidence, including a cellphone, seized from his hotel room during a search on January 4, 2022; statements made during an interrogation; and fruits of the evidence and statements.  Claiming the officers did not have a warrant, probable cause, or consent to search and seize his cell phone from his hotel room, McGhee contends all evidence seized, statements made, and the fruits thereof, should be suppressed because the search and seizure violated the Fourth Amendment to the United States Constitution.  McGhee also claims his statements should be suppressed because they were taken in the absence of a

*Miranda* warning in violation of his Fifth Amendment right against self-incrimination.

The Magistrate Judge held an evidentiary hearing on the motion. Thereafter, the Magistrate Judge recommended the Court grant the motion to suppress the statements and deny the motion to suppress the seizure of the cellphone and its contents. On March 8, 2023, McGhee filed Objections (Doc. 50) to the Magistrate Judge's Report and Recommendation (Doc. 49). McGhee objects to the Magistrate Judge's determination that the seizure of the cellphone is not a violation of the Fourth Amendment; he does not object to the determination that the statements were obtained in violation of his Fifth Amendment right against self-incrimination. Upon an independent and de novo review of the record, including a review of the transcript, and for the reasons that follow, the Court overrules McGhee's Objections to the Magistrate's Judge's recommendation that the motion to suppress the cellphone and its contents should be denied.

## I. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate

judge with instructions." FED. R. CRIM. P. 59(b)(3).

De novo review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). "Although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record." *Id.* (citations omitted). If the magistrate judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* This Court has reviewed the entire transcript of the suppression hearing, as well as the evidentiary materials.

## II.  DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts in his Recommendation. Consequently, a summary of the facts related to the motion to suppress is not necessary, as the Court adopts the Magistrate Judge's findings of fact.

In his Objections, McGhee asserts the Magistrate Judge erred in concluding there was probable cause to believe the cellphone would contain evidence of a crime and there were exigent circumstances justifying its warrantless seizure. Specifically, he argues the only information known to the officers which connected McGhee to

the juvenile female ("B") was: (1) B had linked one of her social media profiles to a

Cash App account related to McGhee's name, birthdate, and address; and (2) another

guest told officers B had stayed with McGhee in his room at the Siegel Select Hotel.

As discussed in the Magistrate Judge's Recommendation, a warrantless seizure does

not offend the Fourth Amendment when there is probable cause to believe the seized

property contains contraband or evidence of a crime and exigent circumstances exist

to justify the seizure. *See Kentucky v. King*, 563 U.S. 452, 460 (2011).

### A. Evidence of a Crime

McGhee contends that the officers' belief that there would be cellphone

evidence of communication between him and B or evidence of criminal commercial

sex was merely speculative.  He cites a recent case from a state appellate court,

*Jefferson v. Florida*, No. 6D23-1208, ___ So. 3d ___, 2023 WL 1487714 (Dist. Ct.

of Appeal of Florida, Sixth District, Feb. 3, 2023), for the proposition that a law

enforcement official's speculative belief that there may have been cellphone

communications between a victim and a defendant is not enough to establish

probable cause.  The facts of *Jefferson*, a murder case, are distinguishable.  At the

time Jefferson's phone was seized on May 28, 2020, the detective knew that the

victim was not alive and that Jefferson and the victim had been together at his

apartment on May 24.   Because Jefferson and the victim were together at his

apartment, the detectives believed there would likely be communications between them on Jefferson's cellphone.  The Florida appellate court held that the fact that Jefferson and the victim were together in his apartment did not establish probable cause to believe the cellphone contained evidence of a crime.  *Id*. at *5.  In McGhee's case, the facts are different.  At the time of the seizure of McGhee's phone, law enforcement officials were actively looking for B, a minor, and knew that B's Cash App was linked to McGhee (an adult and not B's parent or guardian) and connected him to the hotel address, that hotel management had confirmed McGhee had a hotel room, and that another hotel guest confirmed that B was staying in McGhee's room. Thus, the facts in McGhee's case are more than speculative. The facts establish probable cause to believe his cellphone contained evidence of a crime.  *See United States v. Babcock*, 924 F.3d 1180 (11th Cir. 2019) (discussing probable cause).

## B. Exigent Circumstances

McGhee objects to the Magistrate Judge's determination that there were exigent circumstances justifying the warrantless seizure of his cellphone. Specifically, he argues the "exigent circumstances" exception is narrower than the Recommendation suggests and that the Magistrate Judge erred in finding a *per se* exigency due to the nature of electronic files.  The Court, however, does not read the Magistrate Judge's analysis as including a *per se* exigency.  McGhee argues that an

objectively reasonable officer would not have concluded there was probable cause

to believe evidence would be removed or destroyed before a warrant could be

obtained because he did not know he was under suspicion at the time of his arrest on

an unrelated state charge.  He contends that *United v. Santa*, 236 F.3d 662 (11th Cir.

2000), supports his argument that an officer's general fear of destruction of evidence

does not support a warrantless seizure.  In *Santa*, however, the officers seized drugs

from a home and the suspects were unaware they were under police surveillance.

Thus, the facts are distinguishable. This Court agrees with the Magistrate Judge's

determination that, "[c]onsidering the nature of the suspected criminal conduct

involving McGhee, combined with the known risk that iPhone contents can be

erased via remote signal, law enforcement personnel reasonably could have believed

it necessary to seize and secure McGhee's cellphone until a warrant could be

obtained." (Doc. 49 at 14.)

McGhee also relies on *Santa* as support for his argument that, if there were

exigent circumstances, they were created unnecessarily by the officers.  "'A

warrantless search is illegal when police possess probable cause but instead of

obtaining a warrant create exigent circumstances.'" *Santa*, 236 F.3d at 671 (quoting

*United States v. Tobin*, 923 F.2d 1506, 1511 (11th Cir. 1991)).  McGhee contends

that the Magistrate Judge's finding that the officers had probable cause to believe

his cellphone contained evidence of a crime before interviewing him establishes that they had the time and ability to obtain a search warrant prior to its seizure. There is nothing to indicate the officers deliberately or unnecessarily created an exigency in this case. Importantly, "'[l]aw enforcement officers are under no constitutional duty to call a halt to criminal investigation the moment they have the minimum evidence to establish probable cause.'" *King*, 563 U.S. at 467 (quoting *Hoffa v. United States*, 385 U.S. 293, 310 (1966)). "Law enforcement officers may wish to obtain more evidence before submitting what might otherwise be considered a marginal warrant application" and "prosecutors may wish to wait until they acquire evidence that can justify a search that is broader in scope than the search that a judicial officer is likely to authorize based on the evidence then available." *King*, 563 U.S. at 467.

## C. The Search Warrants for the Contents

Finally, McGhee argues that the state and federal search warrants for the contents of the cellphone are the products of an illegal seizure and therefore should be suppressed. Because this Court concludes the initial seizure of McGhee's phone was not unconstitutional, the objection is due to be overruled.

This Court agrees with the Magistrate Judge's thorough and well-reasoned Recommendation.

## III.  CONCLUSION

Accordingly, it is ORDERED as follows:

1. McGhee's Objections (Doc. 50) are OVERRULED;

2. The Report and Recommendation of the Magistrate Judge (Doc. 49) is ADOPTED;

3. To the extent McGhee seeks suppression of all statements made by him to law enforcement personnel at the hotel on January 4, 2022, the Motion to Suppress (Doc. 26) is GRANTED;

4. To the extent McGhee challenges the seizure of his cellphone and the search of its contents and his hotel room, the Motion to Suppress (Doc. 26) is DENIED.

DONE, on this the 9th day of May 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

9